■ ROBERT P. WEISS, as Administrator of the Estate of PROVIDENCE L. WEISS, Deceased, Respondent, v. HAROLD RUBIN et al., Appellants-Respondents, and STANFORD PULRANG, Appellant.— In an action to recover damages for wrongful death (first cause) and for conscious pain and suffering before death (second cause), in which defendant Pulrang pleads a cross complaint over against defendant Rubin and the defendant hospital, the defendant Pulrang appeals from so much of an amended judgment of the Supreme Court, Westchester County, entered June 22, 1959, after a jury trial, as adjudges: (1) that plaintiff recover from him $144,748.58; and (2) that his cross complaint against defendant Rubin and defendant hospital be dismissed and the latter two defendants appeal from so much of said amended judgment as adjudges that plaintiff recover from them the same sum. Said sum of $144,748.58 includes

the jury's verdict of $130,000 on the first cause of action; interest thereon of $9,598.18 from February 22, 1959 (the day following plaintiff's intestate's death); an award of $5,000 on the second cause of action, this being the amount to which the jury's verdict of $20,000 on said cause was reduced by the court on plaintiff's stipulation; and $150.40 costs. The said three defendants also appeal from the original judgment of said court, entered May 14, 1959. Amended judgment modified on the facts and new trial granted, with costs to abide the event, unless, within 30 days after the entry of the order hereon, plaintiff shall stipulate to reduce from $130,000 to $90,000 the amount of the jury's verdict on the first cause of action and to reduce correspondingly the interest and the total amount of the judgment. If such stipulation be filed, then the judgment as so reduced and insofar as appealed from, is affirmed, without costs. Appeal from the original judgment dismissed, without costs, as academic. In our opinion, under all the circumstances the verdict on the first cause of action of action only, is excessive. We are also of the opinion that there is substantial proof in the record to support the finding and conclusion of the trial court that the concurrent active negligence of the three defendants caused the death of plaintiff's intestate and that the negligence of the defendant surgeon was no less active than the negligence of the other two defendants. Nolan, P. J., Beldock and Pette, JJ., concur; Ughetta, J., dissents from so much of the judgment as awards judgment for plaintiff against defendant Pulrang and votes to dismiss the complaint as to that defendant, with the following memorandum: During the course of a delicate and complicated procedure upon decedent, the surgeon, defendant Pulrang, was told by the anesthetist that the latter had the patient's blood ready. The anesthetist asked " Shall I give it? " The surgeon responded in the affirmative. The circulating nurse had come into the operating room with a bottle of blood on which there was a slip inscribed with the name of the patient, type of blood and the name of doctor. The slip showed that the blood was for another patient, previously operated on, not by defendant Pulrang, at which operation, however, the circulating nurse and anesthetist also had been present. This information on the slip was entirely different from the facts with respect to decedent. Yet the registered nurse turned the bottle over to the anesthetist, implying that the blood was intended for decedent. The anesthetist had a chart showing the type of blood of decedent. He testified that it was his duty to check the blood and that a surgeon does not check blood. He, the anesthetist, did not perform that duty. Neither the anesthetist nor the circulating nurse was sterile. There is a shield between the anesthetist and the surgeon. To double-check the bottle the surgeon would have been required, not merely to divert his concentration from the serious task at hand, but actually to abandon the patient by leaving the sterile field. As the anesthetist testified, the surgeon does not check blood; that is the function of the anesthetist. There is no proof of malpractice on the part of the surgeon. He had the right to rely upon the competency of the anesthetist and the hospital staff (*Baidach* v. *Togut*, 8 A D 2d 838, appeal dismissed 7 N Y 2d 128). Kleinfeld, J., not voting.